UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WESLEY HORN,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C11-5055BHS

ORDER

The underlying matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1)(A) and 636 (b)(1)(B), and Local Magistrate Judge Rules MJR3 and MJR4. The matter is before the court on petitioner's motion for an evidentiary hearing and appointment of counsel (ECF No. 22). After reviewing the matter, the court finds and orders as follows.

    1.    Petitioner's motion for an evidentiary hearing does not address respondent's argument that the petition is time barred. Further, petitioner does not meet the standard articulated in 28 U.S.C. 2254 (e)(2) for granting an evidentiary hearing. A petitioner who fails to develop the factual basis of a claim in state court is not entitled to an evidentiary hearing unless the claim relies on:

    (i)    a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

ORDER - 1

(ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
(B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact finder would have found the applicant guilty of the underlying offense. . . .

28 U.S.C. § 2254(e)(2). Petitioner's argument that the state presented two causes of death does not meet any of the criteria for granting an evidentiary hearing and the motion is DENIED.

2. There is no right to have counsel appointed in cases brought under 28 U.S.C. § 2254, unless an evidentiary hearing is required or such appointment is "necessary for the effective utilization of discovery procedures." McCleskey v. Zant, 499 U.S. 467, 495 (1991); United States v. Duarte-Higareda, 68 F.3d 369, 370 (9th Cir. 1995); United States v. Angelone, 894 F.2d 1129, 1130 (9th Cir. 1990); Weygandt v. Look, 718 F.2d 952, 954 (9th Cir. 1983); Rules Governing Section 2254 Cases in the United States District Courts 6(a) and 8(c). The court also may appoint counsel "at any stage of the case if the interests of justice so require." Weygandt, 718 F.2d at 754. In deciding whether to appointcounsel, the court "must evaluate the likelihood of success on the merits as well as the ability of the petitioner to articulate his claims pro se in light of the complexity of the legal issues involved." Id.

Petitioner has demonstrated his ability to articulate his claims. The court further notes that Respondent has filed an Answer. Based on the foregoing, petitioner's motion for appointment of counsel is DENIED.

The Clerk is directed to mail a copy of this Order to petitioner.

Dated this 23rd day of June, 2011.

J. Richard Creatura
United States Magistrate Judge

ORDER - 2