UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WESLEY HORN,

    Petitioner,

v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C11-5055BHS

ORDER DECLINING TO ADOPT REPORT AND RECOMMENDATION AND RE-REFERRING PETITION

This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 24) and Petitioner John Wesley Horn's ("Horn") objections to the R&R (Dkt. 26).

On February 14, 2011, Horn filed a Petition for Writ of Habeas Corpus (Dkt. 5) and a memorandum in support of the petition (Dkt. 6). Horn claims that, in light of new evidence, he is actually innocent of the crime for which he was convicted. *See, e.g.,* Dkt. 6 at 21-22 (ECF pagination). On May 4, 2011, the State responded and asserted that "the habeas corpus petition is barred under the federal statute of limitations." Dkt. 18 at 9. The State did not address Horn's claim of actual innocence or Horn's argument that actual innocence is an exception to the statute of limitations.

On June 23, 2011, Judge Creatura issued the R&R recommending "dismissal of the petition as time-barred . . . ." Dkt. 24 at 1. On July 7, 2011, Horn filed objections to the R&R and argued that his claim of actual innocence is an exception to the statute of limitations. Dkt. 26.

ORDER – 1

On August 2, 2011, the Court of Appeals for the Ninth Circuit recognized that it was unclear whether actual innocence is a recognized exception to the statute of limitations for writs of habeas corpus. *Lee v. Lampert*, ___ F.3d ___, 2011 WL 3275947 (9th Cir. 2011). The court held that "a credible claim of actual innocence constitutes an equitable exception to AEDPA's limitations period, and a petitioner who makes such a showing may pass through the [*Schlup v. Delo*, 513 U.S. 298 (1995)] gateway and have his otherwise time-barred claims heard on the merits." *Id*. at *2.

Therefore, without addressing either the merits of Horn's claim of actual innocence or the merits of his grounds for relief in his petition, the Court declines to adopt the R&R and re-refers the matter for further proceedings in light of the Ninth Circuit's recent recognition of the actual innocence exception.

The Court having considered the R&R, Horn's objections, and the remaining record, does hereby find and order as follows:

(1) The Court **DECLINES TO ADOPT** the R&R (Dkt. 24); and

(2) The petition is **RE-REFERRED** for further proceedings pursuant to *Lee v. Lampert*, ___ F.3d ___, 2011 WL 3275947 (9th Cir. 2011).

DATED this 9th day of August, 2011.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2