UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

JOHN WESLEY HORN,

    Petitioner,

  v.

MAGGIE MILLER-STOUT,

    Respondent.

Case No. C11-5055BHS

ORDER ADOPTING REPORT AND RECOMMENDATION

    This matter comes before the Court on the Report and Recommendation ("R&R") of the Honorable J. Richard Creatura, United States Magistrate Judge (Dkt. 33), and Petitioner John Wesley Horn's ("Horn") objections to the R&R (Dkt. 34).

    On November 9, 2011, Judge Creatura issued the R&R recommending that the Court find that Horn's petition is time-barred, find that Horn does not qualify for an actual innocence exception to the time-bar, and dismiss the petition. Dkt. 33. On November 23, 2011, Horn filed objections to the R&R and argued that Judge Creatura erroneously relied on the theory of accomplice liability to find that Horn had failed to meet his burden on the issue of actual innocence. Dkt. 34.

    The Petitioner bears the burden to produce sufficient proof of actual innocence to bring him within the narrow class of cases implicating a fundamental miscarriage of justice. *Lee v. Lampert*, 653 F.3d 929, 937 (9th Cir. 2011). The Petitioner must submit new, reliable evidence that undercuts the reliability of the proof of guilt and is so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the

ORDER – 1

trial was free of non-harmless constitutional error. *Id*. at 937–38 (citing *Schlup v. Delo*, 513 U.S. 298, 314–16 (1995)). The evidence may be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence. A petitioner must show that it is more likely than not that no reasonable juror would have convicted him in light of the new evidence. The Court should consider all new and old evidence and make a probabilistic determination of what reasonable, properly instructed jurors would do. *Lee*, 653 F.3d at 938.

In this case, Horn has failed to meet his burden. Horn admits that he repeatedly stabbed the victim. During trial, the medical examiner testified that the cause of death was multiple stab wounds with strangulation as a contributing factor and the mechanisms of death to be loss of blood, impaired breathing and impaired circulation. Horn's new evidence of actual innocence, the declaration of a co-defendant stating that the other co-defendant suffocated the victim to death, does not undercut the reliability of the proof of Horn's guilt. Moreover, Horn has failed to show that it is more likely than not that no reasonable juror would have convicted him of premeditated murder in light of the co-defendant's declaration.

The Court having considered the R&R, Horn's objections, and the remaining record, does hereby find and order as follows:

(1) The R&R is **ADOPTED** to the extent that Horn has failed to meet his burden of showing actual innocence;

(2) A Certificate of Appealability is **DENIED**;

(3) The petition for writ of habeas corpus is **DENIED**; and

(4) This action is **DISMISSED**.

DATED this 26th day of January, 2012.

BENJAMIN H. SETTLE
United States District Judge

ORDER – 2